Jenn 215523

# STATE OF NORTH CAROLINA

_____ ROCKINGHAM _____ County

File No
20 CVS 1699

In The General Court Of Justice
☐ District ☒ Superior Court Division

| Name Of Plaintiff<br>KEITH T. ALLEN | |
|---|---|
| Address | |
| City, State, Zip | |

**CIVIL SUMMONS**

☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**VERSUS**

Name Of Defendant(s)
WILLIE ALBERT MELLERSON, and

FREEHOLD CARTAGE, INC.

| Date Original Summons Issued | |
|---|---|
| Date(s) Subsequent Summons(es) Issued | |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Willie Albert Mellerson<br>2032 Moses Dingle Rd.<br>Summerton          SC     29148 | Freehold Cartage, Inc., by and through the registered agent for process and service, Suzanne Blanchet-Hirst<br>825 Hwy 33 East<br>Freehold          NJ     07728 |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)<br>Diana Devine / Brenton D. Adams<br>Brent Adams & Associates<br>PO Box 1389<br>Dunn          NC     28335 | Date Issued<br>JUL 16 2020 | Time<br>4:50  ☐ AM ☒ PM |
|---|---|---|
| | Signature | |
| | ☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time |
|---|---|---|
| | Signature | ☐ AM ☐ PM |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** _Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed._

(Over)

AOC-CV-100, Rev. 6/16
© 2016 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 6/16
© 2016 Administrative Office of the Courts

STATE OF NORTH CAROLINA          IN THE GENERAL COURT OF JUSTICE

ROCKINGHAM COUNTY                           SUPERIOR COURT DIVIDION

                                             20-CVS- 1099

KEITH T. ALLEN,                    )
          Plaintiff,               )
                                   )
     vs.                           )          **COMPLAINT**
                                   )
WILLIE ALBERT MELLERSON, and       )
FREEHOLD CARTAGE, INC.,            )
          Defendants.              )
_____)

    **NOW COMES** the Plaintiff, Keith T. Allen, by and through the undersigned counsel,

complaining of the Defendants, Willie Albert Mellerson and Freehold Cartage, Inc., (hereinafter

referred to collectively as "Defendants"), alleges and says as follows:

### PARTIES AND JURISDICTION

1.  The Plaintiff is a citizen and resident of Reidsville, North Carolina, which is located in
    Rockingham County.

2.  Upon information and belief, Defendant, Willie Albert Mellerson (hereinafter referred to
    individually as "Defendant/Driver Mellerson") is a citizen and resident of Summerton,
    South Carolina located in Clarendon County, South Carolina.

3.  Upon information and belief, Defendant, Freehold Cartage, Inc. (hereinafter referred to
    individually as "Defendant/Owner Freehold") is, and at all times relevant to this cause of
    action, a corporation organized and existing under the laws of New Jersey and authorized
    to conduct business in the State of North Carolina.

4.  Upon information and belief, Defendant/Owner Freehold's principal office is located at
    825 Hwy 33 East, Freehold, NJ 07728.

1

Case 1:20-cv-00974-CCE-LPA   Document 1-1   Filed 10/27/20   Page 3 of 40

5. Upon information and belief, Defendant/Owner Freehold's registered office is located at 825 Hwy 33 East, Freehold, NJ 07728 and the registered agent for process and service is Suzanne Blanchet-Hirst.

6. Upon information and belief, Defendant/Owner Freehold's corporate officers include Suzanne Blanchet-Hirst and Thomas J. Blanchet, II.

7. Upon information and belief, Defendant/Owner Freehold has failed to register with the North Carolina Secretary of State.

## STATEMENT OF FACTS

8. Plaintiff repeats and re-alleges each and every foregoing paragraph set forth above and incorporates the same by reference as though fully set forth at length herein.

9. On Tuesday, August 22nd, 2017 at approximately 12:25 pm, the Plaintiff was operating a 1996 Buick, New Jersey License Plate T29GER, Vehicle Identification Number (VIN) 1G4NJ52M6TC440058 (hereinafter referred to as the "Buick").

10. On the above referenced date and time, Defendant/Driver Mellerson was operating a 2016 Frontliner tractor trailer truck, New Jersey License Plate AS126H, Vehicle Identification Number (VIN) 1FUJGLD52GLHF8011 (hereinafter referred to as the "Frontliner") which was owned by Defendant/Owner Freehold.

11. On the above referenced date and time, the Buick vehicle, being operated by the Plaintiff, was traveling North on I-85 in the right-hand lane.

12. On the above referenced date and time, the Defendant/Driver Mellerson was operating the Frontliner vehicle and was also traveling North on I-85 but in the left-hand lane.

13. On the above referenced date and time, the part of I-85 where both vehicles were being operated was located in Granville County, North Carolina

2

14. Upon information and belief, on the above referenced date and time. Defendant/Driver Mellerson negligently operated the Frontliner vehicle by making an improper lane change, failing to keep a proper lookout, and inattention. Please see the attached Crash Report marked as Exhibit A.

15. On the above referenced date and time, the Frontliner vehicle negligently merged into the right lane and crashed into the Buick vehicle with great force and violence (hereinafter referred to the "Collision").

16. The Defendant's negligence was the direct, proximate and foreseeable cause of the Collision.

17. The Plaintiff suffered severe, painful, and permanent personal injuries as a result of the Collision.

18. The Defendant's negligence was the direct, proximate and foreseeable cause of the Plaintiffs injuries.

## NEGLIGENCE

19. At the above stated date and time, the Defendants negligently breached the duty of ordinary reasonable care to the Plaintiff while operating a vehicle on a North Carolina Highway.

20. The Defendant/Driver Mellerson negligently, recklessly, willfully, and unlawfully:

   a. Operated said vehicle without keeping and maintaining a reasonably careful and proper lookout;

   b. Disregarded traffic in a manner so as to endanger or be likely to endanger persons or property;

   c. Operated said vehicle without keeping said vehicle under proper control and drove the vehicle in such a manner so as to deprive Defendant of such control over the vehicle as a reasonable and prudent person would maintain under all the circumstances then existing;

3

d. Failed to decrease speed to the extent necessary to avoid a collision in violation of N.C. Gen. Stat. §20-141(m);

e. Made an improper lane change by turning from a direct line of travel without first seeing if such movement made safely in violation of N.C. Gen. Stat. §20-154;

f. Operated said vehicle at a speed that was greater than was reasonable and prudent under the conditions then and there existing in violation of N.C. Gen. Stat. §20-141(a);

g. Drove a motor vehicle in a public area without due caution or circumspection and at a speed or in a manner so as to be likely to endanger any person or property in violation on N.C. Gen. Stat. § 20-140(b);

h. Failed to exercise that degree of care that a reasonable and prudent person would have exercised under the same or similar circumstances;

i. Failed to take any actions to avoid the collision although the Defendant had ample opportunity to do so, and although she saw or in the exercise of reasonable diligence should have seen that it was necessary to do so.

j. Carelessly and heedlessly exhibited a willful or wanton disregard for the rights and safety of others in ways not specifically set forth in this complaint, and not yet discovered, and

k. The Plaintiffs reserve the right to amend this Complaint to add other specific allegations of negligence and gross negligence as may be identified during discovery.

21. The collision, resulting injuries, and damages to the Plaintiff, were directly, proximately and foreseeably caused by the careless and negligent actions of the Defendants, without any negligence contributed by the Plaintiff.

22. If contributory negligence is alleged by the Defendants, the Plaintiff alleges that the Defendants had the "last clear chance" to avoid the collision.

## RESPONDEAT SUPERIOR

23. Plaintiff repeats and re-alleges each and every foregoing paragraph set forth above and incorporates the same by reference as though fully set forth at length herein.

4

24. Upon information and belief, at all times mentioned herein Defendant/Driver Mellerson is an agent and/or employee of Defendant/Owner Freehold.

25. Upon information and belief, Defendant/Driver Mellerson was operating and using the Frontliner vehicle with Defendant/Owner Freehold's authority, consent and knowledge.

26. Upon information and belief, the Frontliner vehicle was being operated by and under the control of Defendant/Driver Mellerson, for whose conduct Defendant/Owner Freehold was legally responsible, for Defendant/Owner Freehold's benefit.

27. Upon information and belief, at all times mentioned herein, Defendant/Driver Mellerson operated the Frontliner vehicle within the course and scope of his agency and/or employment with Defendant/Owner Freehold.

28. Upon information and belief, Defendant/Driver Mellerson operated Defendant/Owner Freehold's Frontliner vehicle as an agent of Defendant/Owner Freehold, and any negligence found on behalf of Defendant/Driver Mellerson is imputed to Defendant/Owner Freehold.

29. Consequently, the negligence of Defendant/Driver Mellerson is imputed to Defendant/Owner Freehold and Defendant/Owner Freehold is liable to the Plaintiff for damages caused by Defendant/Driver Mellerson.

## NEGLIGENT ENTRUSTMENT

30. Plaintiff repeats and re-alleges each and every foregoing paragraph set forth above and incorporates the same by reference as though fully set forth at length herein.

31. Upon information and belief Defendant/Driver Mellerson was an incompetent and/or habitually careless or reckless driver.

5

32. Upon information and belief, Defendant/Owner Freehold entrusted the operation of the Frontliner vehicle to Defendant/Driver Mellerson, a person who he knew, or by the exercise of due care should have known, to be an incompetent and/or habitually careless or reckless driver, who is likely to cause injury to others in the use of a motor vehicle.

33. The injuries sustained by the Plaintiff were a proximate result of the negligence, incompetence, and/or carelessness or recklessness of Defendant/Driver Mellerson.

34. Upon information and belief, based upon Defendant/Owner Freehold's own negligence, they are liable for any resulting injury or damage proximately caused by Defendant/Driver Mellerson's negligence.

## CORPORATE NEGLIGENCE AND THE PART OF DEFENDANT

35. Plaintiff repeats and re-alleges each and every foregoing paragraph set forth above and incorporates the same by reference as though fully set forth at length herein.

36. That at all times mentioned herein and prior thereto, the management of the Defendant Corporation at the highest level was negligent and failed to exercise due care in the following ways:

   a. The management of the Defendant Corporation negligently hired various agents and employees to work for the Defendant without properly vetting and investigating these individuals whom they hired and without conducting a proper investigation concerning their skills, intelligence level, maturity level, and prior training and experience. As a result, the various employees of the Defendant Corporation unqualified and unsuitable for the positions and responsibilities given to them by the Defendant Corporation.

   b. The management of the Defendant Corporation failed to properly train and educate the various individuals which the Defendant hired. As a result, these various individuals were unskilled, untrained, and uneducated and were therefore not properly suited to do the job and to fulfill the responsibilities placed upon them by the management of the Defendant Corporation.

   c. The management of the Defendant Corporation failed to enact and enforce necessary and appropriate policies and procedures to govern the conduct of the employees

6

assigned by the management of the Defendant Corporation. As a result, these employees were left without any guidance, procedures, policies or other instructions to properly allow these individuals to perform the job responsibilities placed upon them by the management of the Defendant Corporation.

d. The management of the Defendant Corporation failed to supervise the employees and failed to enforce proper procedures, policies, work habits, and other protocols necessary in order to do and perform properly the duties and responsibilities assigned to these various individuals. As a result, the agents and employees of the Defendant Corporation failed to do their work in accordance with necessary safety policies and procedures.

## DAMAGES

37. Plaintiff repeats and re-alleges each and every foregoing paragraph set forth above and incorporates the same by reference as though fully set forth at length herein.

38. As a direct, proximate, and foreseeable result of the negligent and careless acts by the Defendants, the Plaintiff sustained sever, painful, and permanent personal injuries.

39. As a direct, proximate, and foreseeable result of the negligent and careless acts by the Defendants, the Plaintiff continues to suffer great pain, disabling him from performing his usual activities.

40. The Plaintiff therefore alleges that he has been damaged in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

41. The Plaintiff is continuing to suffer compensatory and general damages.

42. The Defendant's conduct described herein this Complaint, was willful, wanton, intentional, egregious, and grossly negligent toward and in the conscious disregard of others including the Plaintiff's rights and safety and gives rise to punitive damages.

43. The Plaintiff is entitled to recover from the Defendants, punitive damages for the wrongful, egregious, and intentional conduct herein described in this Complaint.

7

44. The Plaintiff is entitled to have and recover a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) from the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully prays unto the Court as follows:

1. The Plaintiff have and recover of the Defendants, jointly and severally, a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), for his compensatory and general damages;

2. To have and recover of the Defendants, jointly and severally, a sum for punitive damages in excess of Twenty-Five Thousand Dollars ($25,000.00);

3. The Plaintiff have and recover pre-judgment interest, post-judgment interest, and attorney's fees, if allowed by law;

4. That the Plaintiff have a trial by jury on all issues allowed by law;

5. The costs of this action be taxed against the Defendants; and,

6. Any such other and further relief as the Court deems just and proper.

This, the 10th day of July, 2020.

BRENT ADAMS & ASSOCIATES

Diana E. Devine, State Bar No.: 53813
Brenton D. Adams, State Bar No.: 11
Post Office Box 1389
Dunn, North Carolina 28335
Telephone: (800) 849-5931
Facsimile: (919) 571-2555
Diana@BrentAdams.com
*Attorneys for Plaintiffs*

8

# Exhibit A

DMV-349 (Rev. 1/2008)

THIS REPORT IS FOR THE USE OF THE DIVISION OF MOTOR VEHICLES. THE DATA IS COLLECTED FOR STATISTICAL ANALYSIS AND SUBSEQUENT HIGHWAY SAFETY PROGRAMMING. DETERMINATIONS OF "FAULT" ARE THE RESPONSIBILITY OF INSURERS OR OF THE STATE'S COURTS.

Do not write in these spaces: **10520186 2**

| No. of Units Involved: 2 | Form 1 of 1 | ☐ Supplemental Report | ☐ Non-Reportable | Date Received by DMV: 08/28/2017 |
|---|---|---|---|---|

| Date 08/22/2017 | County GRANVILLE | Time 12:25 (24 Hour Clock) | Local Use/Patrol Area 170822099CA/09 |
|---|---|---|---|

## LOCATION

33 Relation to Roadway Surface: ☐ Crash occurred ☒ In ☐ Near BUTNER
Municipality ☐
or 04.60 Miles ☒N ☐S ☐E ☐W outside municipality

on 85 Highway Number, or Highway, Street, (ramp or service road, indicate as few) Ramp or Service Road ☐ (R.R. Crossing #) or 01.90 Miles ☐N ☐S ☒E ☐W (if available)

## at SR 1127 Use Highway Number, Street Name or Adjacent County or State Line ☐N ☐S ☐E ☐W toward SR 1132 Use Highway Number, Street Name or Adjacent County or State Line

Latitude: _____ Longitude: _____ Altitude: _____

---

| UNIT # 1 ☐ VEHICLE ☐ PEDESTRIAN ☐ HIT & RUN ☒ COMMERCIAL VEHICLE | UNIT # 2 ☒ VEHICLE ☐ PEDESTRIAN ☐ HIT & RUN ☐ OTHER |
|---|---|
| Driver WILLIE ALBERT MELLERSON | Driver KEITH T ALLEN |
| Address 2032 MOSES DINGLE RD | Address 7 CONRAD PLACE |
| City SUMMERTON State SC Zip 29148 | City DOVER State NJ Zip 07801 |
| Same Address as Owner? ☐ License? ☐ Yes ☒ No  Driver's Phone Numbers: H (803) 983-2922 W ( ) | Same Address as Driver? ☐  Driver's Phone Numbers: H ( ) W ( ) |
| D.L. 004709417 Class A State SC | D.L. A54384298303772 ☒ Class A State NJ |
| CDL License ☒ | CDL License ☒ |
| DOB 05/10/1954 | DOB 03/26/1977 |
| 34 Vision Obstruction 0 | 35 Physical Condition 0 | 36 D.L. Restrictions 0 | 34 Vision Obstruction 0 | 35 Physical Condition 0 | 36 D.L. Restrictions 0 |
| 37 Alcohol/Drugs Suspected 0 | 38 Alcohol/Drugs Test 0 | 39 Results (if known) 0 | 40 Vehicle Seizure (DWI) ☐ | 37 Alcohol/Drugs Suspected 0 | 38 Alcohol/Drugs Test 0 | 39 Results (if known) 0 | 40 Vehicle Seizure (DWI) ☐ |

| Owner FREEHOLD CARTAGE INC. | Owner KEITH T ALLEN Same as Driver? ☐ |
|---|---|
| Address 825 HWY 33 EAST  Same Address as Driver? ☐ | Address 7 CONRAD PLACE  Same Address as Driver? ☐ |
| City FREEHOLD State NJ Zip 07728 | City DOVER State NJ Zip 07801 |
| Plate # AS126H | Plate State NJ | Plate Year 2018 | Plate # T29GER | Plate State NJ | Plate Year 2017 |
| VIN 1FUJGLD52GLHF8011 | VIN 1G4NJ52M6TC440058 |
| Vehicle Make FRTLINER | Vehicle Year 2016 | 41 Vehicle Style (Type) 14 | 42 Vehicle Drivable ☒ Yes ☐ No | Vehicle Make BUICK | Vehicle Year 1996 | 41 Vehicle Style (Type) 4 | 42 Vehicle Drivable ☐ Yes ☒ No |
| 43 TAD LFQ-1,RFQ-2 | 44 Estimated Damage $5000 | 43 TAD LBQ-2,LFQ-2 | 44 Estimated Damage $3000 |
| Insurance Company NATIONAL UNION FIRE | Insurance Company CURE |
| Policy # CA 2820129 | Policy # C10080756 |

| 20 COMMERCIAL VEHICLE: Cargo, Carrier Name, Address, Source | Source: ☒ Truck ☐ Shipping papers ☐ Other | Carrier Identification Numbers, GVWR, Axles |
|---|---|---|
| Unit 1 46 Cargo Body Type 9 ☐ Same Address as Owner? | | Axles on Vehicle Including Trailers 5 |
| FREEHOLD CARTAGE INC. | | US DOT # 0190713 ICC # |
| 825 HWY 33 EAST | | State NJ State # |
| FREEHOLD, NJ 07728 | | IFTA # 3391 |
| | | FEIN _____ Fleet # _____ | Gross Vehicle Weight Rating 80000 |

| | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | 32 | Names and Addresses for All Persons (Unit 1/Unit 2 Drv, Ped, etc. – See Above) Use check blocks if address same as Driver |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | 1 | 1 | 1 | Unit 1-Drv 1, Ped 1, etc. see above | B | M | 2 | 0 | 0 | 2 | 1 | 5 | see above | Taken To By: |
| B | 2 | 1 | 1 | Unit 2-Drv 2, Ped 2, etc. see above | B | M | 2 | 1 | 1 | 2 | 1 | 4 | see above | Taken To By: MORGAN'S TOWING/MORGAN'S TOWING |
| C | | | | | | | | | | | | | ☐ | |
| D | | | | | | | | | | | | | ☐ | |
| E | | | | | | | | | | | | | ☐ | |
| F | | | | | | | | | | | | | ☐ | |
| G | | | | | | | | | | | | | ☐ | |
| H | | | | | | | | | | | | | ☐ | |

45 Name of EMS B-GRANVILLE EMS

46 Name of EMS: _____

47 Injured Taken by EMS to: GRANVILLE MEDICAL (Treatment Facility and Give if Taken)

47 Injured Taken by EMS to: _____

Case 1:20-cv-00974-CCE-LPA   Document 1-1   Filed 10/27/20   Page 12 of 40

| POINTS OF INITIAL CONTACT (Mark w/ Codes) | Unit 1 | 21 | | | VEHICLE INFO. | Veh # 1 | Veh # 2 | ROADWAY INFO. | | WORK ZONE RELATED | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Unit 2 | 7 | | | 60 Authorized Speed Limit | 70 | 70 | 69 Road Feature | 0 | 78 Workzone Area | 5 |
| CRASH SEQUENCE (Unit Level) | Unit 1 | Unit 2 | | | 61 Estimate of Original Traveling Speed | 70 | 65 | 70 Road Character | 1 | 79 Work Activity | |
| 49 Vehicle Maneuver/Action | 5 | 4 | | | 62 Estimate of Speed at Impact | 70 | 65 | 71 Road Classification | 1 | 80 Work Area Marked | |
| 50 Non-Motorist Action | | | | | 63 Tire Impressions Before Impact (ft.) | 0 | 0 | 72 Road Surface Type | 1 | 81 Crash Location | |
| 51 Non-Motorist Location Prior to Impact | | | | | 64 Distance Traveled After Impact (ft.) | 165 | 165 | 73 Road Configuration | 4 | TRAILER INFO. | Unit 1 | Unit 2 |
| 52 Crash Sequence - First Event for This Unit | 6 | 2B | | | 65 Emergency Vehicle Use | | | 74 Access Control | 2 | 82 Trailer Type | 9 | 0 |
| 53 Crash Sequence - Second Event | 2B | | | | 66 Post Crash Fire (if "Yes" check block) | ☐ | ☐ | 75 Number of Lanes | 4 | 1st Trailer No. Axles | 2 | |
| 54 Crash Sequence - Third Event | | | | | 67 School Bus - Contact Vehicle | ☐ | ☐ | 76 Traffic Control Type | 0 | Width (Inches) | 96 | |
| 56 Crash Sequence - Fourth Event | | | | | 68 School Bus - Noncontact Vehicle | ☐ | ☐ | 77 Traffic Control Oper | | Length (feet) | 53 | |
| 56 Most Harmful Event for This Unit | 2B | 2B | | COMMERCIAL VEHICLE: Hazardous Materials Involvement Unit 1 | | | | | | 2nd Trailer No. Axles | | |
| 57 Distance/Direction to Object Struck | 0 | 0 | | Haz Mat Placard ☒ Yes ☐ No | | From Placard indicate: | | | Width (inches) | | |
| 58 Vehicle Underride/Override | 3 | 3 | | Hazardous Cargo ☐ Yes ☒ No | 4-digit placard number or 1-digit number from | Length (feet) | | |
| 59 Vehicle Defects | 0 | 0 | | Released (does not include fuel from fuel tank) | name from diamond or box bottom of diamond | 83 Legal_____ Overwidth Trailer and Overwidth Mobile Home | Overwidth Permit # | |
| | | | | Carrying Haz Mat ☒ Yes ☐ No | 0038 | 3 | | |

**84 DIAGRAM**

Indicate North

shoulder 15'



roadway 24'

I-85 North Bound

← N →   median

I-85 South Bound

Unit 1 ☒ Traveling ☒☐☐☐ on I 85   W±E ☐ Parked Facing N S E W

Unit 2 ☒ Traveling ☒☐☐☐ on I 85   W±E ☐ Parked Facing N S E W

**85 NARRATIVE** (Include pertinent and unusual aspects, which are not listed elsewhere on the form) VEHICLES #1 AND #2 WERE TRAVELING NORTH ON I-85. VEHICLE #1 WAS IN THE LEFT LANE OF TRAVEL. VEHICLE #2 WAS IN THE RIGHT LANE OF TRAVEL. VEHICLE #1 CHANGED LANES AND SIDE SWIPED VEHICLE #2. AFTER THE COLLISION, BOTH VEHICLES CAME TOGETHER AND CAME TO REST IN THE RIGHT LANE OF TRAVEL OF NORTH BOUND I-85.

| 86 Type Owner | ADDITIONAL PROPERTY DAMAGE Owner Address Phone | | State Property ☐ | Estimated Damage $ |
|---|---|---|---|---|

| WITNESSES | |
|---|---|
| Name DAVE TYSON | Address 2817 ALVARDO SQUARE, BALTIMORE, MD 21234   Phone No. (443) 827-1061 |
| Name | Address   Phone No. ( ) |

| TRAFFIC VIOLATIONS | |
|---|---|
| Name WILLIE ALBERT MELLERSON | Charge(s) 5G26101 - LANE CHANGE |
| | [Citation # and) Charge(s) |
| Name | |

| Officer Name Trp. D J SINNEMA | Officer Number 2553 | Department NC STATE HIGHWAY PATROL | Date of Report 08/22/2017 |

STATE OF NORTH CAROLINA
ROCKINGHAM COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
20 - CVS - 1699

KEITH T. ALLEN,
               Plaintiff,

v.

WILLIE ALBERT MELLERSON, and
FREEHOLD CARTAGE, INC.,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)

**AFFIDAVIT OF PROOF OF
SERVICE BY CERTIFIED MAIL**

I, Diana E. Devine, being first duly sworn, deposes and says that pursuant to Rule 4(j) of the North Carolina Rules of Civil Procedure, I caused a copy of the Summons and Complaint in this action to be served upon Defendant Freehold Cartage, Inc., by serving their Registered Agent, Suzanne Blanchard-Hirst, via Certified Mail, Return Receipt Requested, at 825 Highway 33 East, Freehold, NJ 07728, as evidenced by the attached, signed return receipt green card (marked as Exhibit A) and the United States Postal tracking print out (marked as Exhibit B) indicating the Summons and Complaint were served on July 29, 2020.

_____
Affiant, Diana E. Devine, Esquire

NORTH CAROLINA

COUNTY OF WAKE

Sworn to and subscribed before me,

this 12ᵗʰ day of August, 2020.

_____
NOTARY PUBLIC

My Commission Expires: 1/23/2021

<u>CERTIFICATE OF SERVICE</u>

This is to certify that the undersigned has this date served AFFIDAVIT OF SERVICE in the above-entitled action upon all parties to this cause by depositing a copy in a postpaid wrapper in a post office or official depository under the exclusive care and custody of the United Postal Service, properly addressed as listed below:

Freehold Cartage, Inc.
Registered Agent: Suzanne Blanchet-Hirst
825 Highway 33 East
Freehold, New Jersey 07728
*Defendant*

This the 12th day of August, 2020

**BRENT ADAMS & ASSOCIATES**

Diana E. Devine, State Bar No.: 53813
William H. Harkins, Jr., State Bar No.: 37899
Brenton D. Adams, State Bar No.: 11
PO Box 1389
Dunn, North Carolina 28334
Phone: (800) 849-5931
Facsimile: (919) 571-2555
Diana@brentadams.com
*Attorneys for Plaintiff*

2

JPP323

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Flash_   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
_Diane Absme_

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

FREEHOLD POST OFFICE   NJ 07728   JUN 9 2020

1. Article Addressed to:

Freehold Cartage, Inc
Attn: Suzanne Blanchard-Hirst
825 Highway 33 East
Freehold, NJ 07728

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 5032 9092 3554 27

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)
7012 1010 0003 5365 6099

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

EXHIBIT
A

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70121010000353656099

Remove ✕

Your item was picked up at a postal facility at 10:09 am on July 29, 2020 in FREEHOLD, NJ 07728.

## ⊘ Delivered

July 29, 2020 at 10:09 am
Delivered, Individual Picked Up at Postal Facility
FREEHOLD, NJ 07728

Get Updates ⌄

Feedback

---

Text & Email Updates ⌄

---

Tracking History ⌄

---

Product Information ⌄

---

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

EXHIBIT
B

https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&tLabels=70121010000353656099%2C

STATE OF NORTH CAROLINA
ROCKINGHAM COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
20 - CVS - 1699

KEITH T. ALLEN,
     Plaintiff,

v.

WILLIE ALBERT MELLERSON, and
FREEHOLD CARTAGE, INC.,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)

**AFFIDAVIT OF PROOF OF
SERVICE BY CERTIFIED MAIL**

I, Diana E. Devine, being first duly sworn, deposes and says that pursuant to Rule 4(j) of the North Carolina Rules of Civil Procedure, I caused a copy of the Summons and Complaint in this action to be served upon Defendant Freehold Cartage, Inc., c/o NC Department of Insurance, by serving them via Certified Mail, Return Receipt Requested, at 325 N. Salisbury Street, Raleigh, NC 27603, as evidenced by the attached, signed return receipt green card (marked as Exhibit A) and the United States Postal tracking print out (marked as Exhibit B) indicating the Summons and Complaint were served on August 3, 2020.

            Affiant, Diana E. Devine, Esquire

NORTH CAROLINA

COUNTY OF WAKE

Sworn to and subscribed before me,

this 12th day of August , 2020.

NOTARY PUBLIC

My Commission Expires: 1/23/2021

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served AFFIDAVIT OF SERVICE in the above-entitled action upon all parties to this cause by depositing a copy in a postpaid wrapper in a post office or official depository under the exclusive care and custody of the United Postal Service, properly addressed as listed below:

Freehold Cartage, Inc.
Registered Agent: Suzanne Blanchet-Hirst
825 Highway 33 East
Freehold, New Jersey 07728
*Defendant*

This the 12th day of August, 2020

**BRENT ADAMS & ASSOCIATES**

Diana E. Devine, State Bar No.: 53813
William H. Harkins, Jr., State Bar No.: 37899
Brenton D. Adams, State Bar No.: 11
PO Box 1389
Dunn, North Carolina 28334
Phone: (800) 849-5931
Facsimile: (919) 571-2555
Diana@brentadams.com
*Attorneys for Plaintiff*

2

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee $ 3.55 | Allen, K |
| Extra Services & Fees (check box, add fee as appropriate) | 219523 |
| ☑ Return Receipt (hardcopy) $ 2.85 | Postmark Here |
| ☐ Return Receipt (electronic) $ | |
| ☐ Certified Mail Restricted Delivery $ | |
| ☐ Adult Signature Required $ | |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage $ | 7/24/20 |
| Total Postage and Fees $ 7.20 | |

Sent To NC Dept of Insurance
Street and Apt. No., or PO Box No. 325 N. Salisbury St.
City, State, ZIP+4® Raleigh, NC 27603

7020 0002 2241 9532

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

NC Dept of Insurance
325 N. Salisbury St.
Ral, NC 27603

9590 9402 4869 9032 6126 33

2. A
7D

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

RECEIVED BY
AUG 03 2020

3. Service Type
☐ Adult Signature          ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery   ☐ Registered Mail™
☑ Certified Mail®          ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery   ☑ Return Receipt for Merchandise
                           ☐ Signature Confirmation™
                           ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**EXHIBIT**
**A**

# USPS Tracking®

FAQs ›

## Track Another Package +

Remove ✕

**Tracking Number:** 70200090000222419532

Your item has been delivered to an agent for final delivery in RALEIGH, NC 27603 on August 3, 2020 at 6:51 am.

Feedback

## ⊘ Delivered to Agent

August 3, 2020 at 6:51 am
Delivered to Agent for Final Delivery
RALEIGH, NC 27603

Get Updates ⌄

---

Text & Email Updates ⌄

---

Tracking History ⌄

---

Product Information ⌄

---

See Less ⌃

## Can't find what you're looking for?

https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tl c=2&text28777=&t[ abels=70200090000222419532%2C

EXHIBIT
B

STATE OF NORTH CAROLINA

ROCKINGHAM COUNTY

KEITH T. ALLEN

Plaintiff,

v.

WILLIE ALBERT MELLERSON and
FREEHOLD CARTAGE, INC.

Defendants.

2020 AUG 28 P 3: 22

ROCKINGHAM CO., C.S.C.

BY)

**DEFENDANTS' MOTION FOR
EXTENSION OF TIME TO SERVE
A RESPONSIVE PLEADING TO
THE COMPLAINT**

Defendants Freehold Cartage, Inc., and Willie Albert Mellerson respectfully state to the Court that additional time is needed for investigation and preparation of the Responsive Pleading or other response to the Complaint in the above case and respectfully move the Court for a thirty day extension of time within which to serve the Responsive Pleading or otherwise plead. While time has not yet expired for responding to the Complaint, which was purportedly served on or about July 29, 2020 on Defendant Freehold Cartage, Inc., and Defendant Mellerson on August 3, 2020, Defendants request that the time for serving a Responsive Pleading or presenting other defenses in this action be extended up to and including Monday, September 28, 2020.

This the 26th day of August 2020.

CRANFILL SUMNER & HARTZOG LLP

BY: _____

JAMES T. THORNTON
N.C. State Bar No. 16859
E-mail: jthornton@cshlaw.com
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone: (919) 828-5100
*Attorneys for Defendants*

4820-6041-9273, v. 1

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the foregoing *Motion for Extension of Time* on all of the parties to this cause by depositing a copy hereof, postage prepaid, in the United States Mail, and also via electronic mail, addressed to counsel of record as follows:

Diana E. Devine
E-mail: diana@brentadams.com
Brenton D. Adams
P.O. Box 1389
Dunn, NC 28334

This the 26th day of August 2020.



CRANFILL SUMNER & HARTZOG LLP

BY: _____

JAMES T. THORNTON
N.C. State Bar No. 16859
E-mail: jthornton@cshlaw.com
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone: (919) 828-5100
Fax: (919) 828-2277
*Attorneys for Defendants*

4820-6041-9273, v. 1

STATE OF NORTH CAROLINA

ROCKINGHAM COUNTY

KEITH T. ALLEN

Plaintiff

v.

WILLIE ALBERT MELLERSON and
FREEHOLD CARTAGE, INC.

Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
20 CVS 1699

**ORDER GRANTING
DEFENDANTS' MOTION FOR
EXTENSION OF TIME TO SERVE
A RESPONSIVE PLEADING TO
THE COMPLAINT**

*FILED*
*2020 AUG 28 P 4:25*
*ROCKINGHAM CO., C.S.C.*
*BY*

In the above-entitled action, Defendants Willie Albert Mellerson and Freehold Cartage, Inc., made application for additional time within which to serve a Responsive Pleading to the Complaint;

IT IS NOW ORDERED that Defendants are hereby granted additional time within which to serve a Responsive Pleading or present other defenses in this action up to and including Monday, September 28, 2020.

This the 28th day of August, 2020.

ROCKINGHAM COUNTY CLERK OF COURT

STATE OF NORTH CAROLINA
ROCKINGHAM COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
20 - CVS - 1699

KEITH T. ALLEN,
               Plaintiff,

v.

WILLIE ALBERT MELLERSON, and
FREEHOLD CARTAGE, INC.,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)

**AFFIDAVIT OF PROOF OF
SERVICE BY CERTIFIED MAIL**

I, Diana E. Devine, being first duly sworn, deposes and says that pursuant to Rule 4(j) of the North

Carolina Rules of Civil Procedure, I caused a copy of the Summons and Complaint in this action to

be served upon Defendant Freehold Cartage, Inc., by and through the Registered Agent for Service

and Process, Suzanne Blanchard-Hirst, via Certified Mail, Return Receipt Requested, at 825 Highway

33 East, Freehold, NJ 07728, as evidenced by the attached, signed return receipt green card (marked

as Exhibit A) and the United States Postal tracking print out (marked as Exhibit B) indicating the

Summons and Complaint were served on August 25, 2020.

                                      Affiant, Diana E. Devine, Esquire

NORTH CAROLINA

COUNTY OF WAKE

Sworn to and subscribed before me,

this 11th day of September, 2020.

NOTARY PUBLIC

My Commission Expires: 1/23/21

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served AFFIDAVIT OF SERVICE in the above-entitled action upon all parties to this cause by depositing a copy in a postpaid wrapper in a post office or official depository under the exclusive care and custody of the United Postal Service, properly addressed as listed below:

Freehold Cartage, Inc.
By and through the Registered Agent for Service and Process,
Suzanne Blanchard-Hirst
825 Highway 33 East
Freehold, New Jersey 07728
*Defendant*

This the 11th day of September 2020

**BRENT ADAMS & ASSOCIATES**

Diana E. Devine, State Bar No.: 53813
William H. Harkins, Jr., State Bar No.: 37899
Brenton D. Adams, State Bar No.: 11
PO Box 1389
Dunn, North Carolina 28334
Phone: (800) 849-5931
Facsimile: (919) 571-2555
Diana@brentadams.com
*Attorneys for Plaintiff*

2

JO94523

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Freehold Cartage, Inc.
by and through the Registered Agent
for Service and Process
Suzanne Blanchet - Hirst
825 Hwy 33 East
Freehold, NJ 07728

9590 9402 4869 9032 6125 72

2. Article Number (Transfer from service label)

7012 1010 0003 5365 6051

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _Diane Stasik_      ☐ Agent
                      ☐ Addressee
B. Received by (Printed Name)     C. Date of Delivery
Diane Stasik
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

FREEHOLD POST OFFICE
AUG 25 2020
FREEHOLD NJ 07

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

EXHIBIT
A

# USPS Tracking®

Track Another Package  +

**Tracking Number:** 70121010000353656051

Your item has been delivered and is available at a PO Box at 10:22 am on August 25, 2020 in FREEHOLD, NJ 07728.

## ✅ Delivered

August 25, 2020 at 10:22 am
Delivered, PO Box
FREEHOLD, NJ 07728

Get Updates ⌄

---

Text & Email Updates                                              ⌄

---

Tracking History                                                  ⌄

---

Product Information                                               ⌄

---

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**EXHIBIT B**

https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&tLabels=70121010000353656051%2C&tABt=false

STATE OF NORTH CAROLINA

ROCKINGHAM COUNTY

KEITH T. ALLEN

Plaintiff,

v.

WILLIE ALBERT MELLERSON and
FREEHOLD CARTAGE, INC.

Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
20 CVS 1699

)
)
)
)
)
)

**DEFENDANTS' ANSWER TO
COMPLAINT**

NOW COME Defendants Freehold Cartage, Inc., and Willie Albert Mellerson and respectfully respond to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's negligent entrustment and corporate negligence claims fail to state a claim for relief as required by N.C. R. Civ. P. 12(b)(6), as plaintiff was in the course and scope of his employment as a truck driver for Freehold Cartage, Inc. Therefore, those claims are not valid under North Carolina law and should be dismissed.

## SECOND DEFENSE

Without waiving any defenses, Defendants respond to the individually numbered paragraphs of Plaintiff's Complaint as follows:

## PARTIES AND JURISDICTION

1.    The allegations contained in paragraph 1 of the Complaint are admitted upon information and belief.

2.    The allegations contained in paragraph 2 of the Complaint are admitted

upon information and belief.

3. The allegations contained in paragraph 3 of the Complaint are admitted upon information and belief.

4. The allegations contained in paragraph 4 of the Complaint are admitted upon information and belief.

5. The allegations contained in paragraph 5 of the Complaint are admitted upon information and belief.

6. The allegations contained in paragraph 6 of the Complaint are admitted upon information and belief.

7. The allegations contained in paragraph 7 of the Complaint are admitted upon information and belief.

## STATEMENT OF FACTS

8. Defendants re-allege and incorporate by reference their responses to paragraphs 1-7 of the Complaint.

9. The allegations contained in paragraph 9 of the Complaint are admitted upon information and belief.

10. The allegations contained in paragraph 10 of the Complaint are admitted upon information and belief.

11. The allegations contained in paragraph 11 of the Complaint are admitted upon information and belief.

12. The allegations contained in paragraph 12 of the Complaint are admitted upon information and belief.

13. The allegations contained in paragraph 13 of the Complaint are admitted upon information and belief.

14. It is admitted that the Crash Report referenced is a document, the content of which speaks for itself, as to the remainder of the allegations contained in paragraph 14 of the Complaint, they are denied.

15. The allegations contained in paragraph 15 of the Complaint are denied.

16. The allegations contained in paragraph 16 of the Complaint are denied.

17. Defendants do not have sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and they are therefore denied.

18. The allegations contained in paragraph 18 of the Complaint are denied.

## NEGLIGENCE

19. The allegations contained in paragraph 19 of the Complaint are denied.

20. The allegations contained in paragraph 20 of the Complaint, and all its subparts a.-k., are denied.

21. The allegations contained in paragraph 21 of the Complaint are denied.

22. The allegations contained in paragraph 22 of the Complaint are denied.

## RESPONDEAT SUPERIOR

23. Defendants re-allege and incorporate by reference their denials and responses to paragraphs 1-22 of the Complaint.

24. As to the allegations contained in paragraph 24, it is admitted that Defendant/Driver Mellerson was an employee of Defendant Freehold Cartage, Inc. at

the time of the accident on August 22, 2017 and was working within the course and scope of his employment.

25. The allegations contained in paragraph 25 of the Complaint are admitted upon information and belief.

26. As to the allegations contained in paragraph 26, it is admitted that Defendant/Driver Mellerson was an employee of Defendant Freehold Cartage, Inc. and working within the course and scope of his employment at the time of the accident on August 22, 2017. Except as specifically admitted, the allegations contained in paragraph 26 of the Complaint are denied.

27. As to the allegations contained in paragraph 27, it is admitted that Defendant/Driver Mellerson was an employee of Defendant Freehold Cartage, Inc. and working within the course and scope of his employment at the time of the accident on August 22, 2017. Except as specifically admitted, the allegations contained in paragraph 27 of the Complaint are denied.

28. As to the allegations contained in paragraph 28, it is admitted that Defendant/Driver Mellerson was an employee of Defendant Freehold Cartage, Inc. and was working within the course and scope of his employment at the time of the accident on August 22, 2017. Except as specifically admitted, the allegations contained in Paragraph 28 of the Complaint are denied.

29. As to the allegations contained in paragraph 24, it is admitted that Defendant/Driver Mellerson was an employee of Defendant Freehold Cartage, Inc. and working within the course and scope of his employment at the time of the accident

on August 22, 2017. Except as specifically admitted, the allegations contained in paragraph 29 of the Complaint are denied.

## NEGLIGENT ENTRUSTMENT

30. Defendants re-allege and incorporate by reference their denials and responses to paragraphs 1-29 of the Complaint.

31. The allegations contained in paragraph 31 of the Complaint are denied.

32. The allegations contained in paragraph 32 of the Complaint are denied.

33. The allegations contained in paragraph 33 of the Complaint are denied.

34. The allegations contained in paragraph 34 of the Complaint are denied.

## CORPORATE NEGLIGENCE ON THE PART OF DEFENDANT

35. Defendants re-allege and incorporate by reference their denials and responses to paragraphs 1-34 of the Complaint.

36. The allegations contained in paragraph 36 of the Complaint, and its subparts a.-d., are denied.

## DAMAGES

37. Defendants re-allege and incorporate by reference their denials and responses to paragraphs 1-36 of the Complaint.

38. The allegations contained in paragraph 38 of the Complaint are denied.

39. The allegations contained in paragraph 39 of the Complaint are denied.

40. The allegations contained in Paragraph 40 of the Complaint are denied.

41. The allegations contained in Paragraph 41 of the Complaint are denied.

42. The allegations contained in paragraph 42 of the Complaint are denied.

43. The allegations contained in paragraph 43 of the Complaint are denied.

44. The allegations contained in paragraph 44 of the Complaint are denied.

## THIRD DEFENSE – Contributory Negligence

Defendants deny any negligence on their part. In the event there is a finding of negligence on the part of Defendants, which is expressly denied, then Plaintiff's claims are barred by the doctrine of contributory negligence. Plaintiff failed to exercise ordinary and due care in the operation of his motor vehicle by failing to operate his motor vehicle in a proper manner during heavy traffic; failing to keep a proper lookout; failing to take proper action given the circumstances presented to him at the time; and was otherwise negligent in such other manners as may be shown in discovery or at trial of this matter. Plaintiff's own negligence was the actual and proximate cause of his alleged injuries. As a result, plaintiff is not entitled to recover in this action.

## FOURTH DEFENSE

As an affirmative defense to plaintiff's claims for punitive damages, Defendants raise all defenses, rights, remedies, immunities, and limits set out in N.C.G.S. § 1D, *et seq.*, by means of a bar or limitation as to the plaintiff's right to recover punitive damages in this action. Defendants also request attorneys' fees pursuant to N.C. Gen. Stat. § 1D-45 for defense against Plaintiff's claim for punitive damages, if Defendants prevail on that claim.

## FIFTH DEFENSE

As an additional defense to the plaintiff's claims for punitive damages, Defendants assert and plead that even if defendants, and their agents and employees, were grossly in violation of public policy, willful and wanton, and acted in disregard to plaintiff's rights, which is specifically denied, the imposition of punitive damages without meaningful standards defining the conduct justifying the imposition of such damages would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Also, the imposition of punitive damages under current federal procedures would violate both of these constitutional provisions because current procedures regarding the imposition of punitive damages do not include safeguards constitutionally required to accompany the exaction of a penalty.

WHEREFORE, having fully responded to the Plaintiff's Complaint, Defendants pray unto the Court as follows:

1.     That plaintiff's claims be dismissed with prejudice;

2.     That plaintiff have and recover nothing of Defendants;

3.     That the costs of this action, including attorneys' fees, be taxed against the Plaintiff;

4.     For such other and further relief as the Court deems just and proper.

This the 24th day of September 2020.

CRANFILL SUMNER & HARTZOG LLP

BY: _____
JAMES C. THORNTON
N.C. State Bar No. 16859
E-mail: jthornton@cshlaw.com
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone: (919) 828-5100
*Attorneys for Defendants*

4834-1747-4252, v. 1

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the undersigned has this day served the foregoing *Answer* on all of the parties to this cause by depositing a copy hereof, postage prepaid, in the United States Mail, and also via electronic mail, addressed to counsel of record as follows:

Diana E. Devine
E-mail: diana@brentadams.com
Brenton D. Adams
P.O. Box 1389
Dunn, NC 28334



This the 24th day of September 2020.

CRANFILL SUMNER & HARTZOG LLP

BY: _____
JAMES C. THORNTON
N.C. State Bar No. 16859
E-mail: jthornton@cshlaw.com
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone: (919) 828-5100
Fax: (919) 828-2277
*Attorneys for Defendants*

4834-1747-4252, v. 1

NORTH CAROLINA

ROCKINGHAM COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
20-CVS-1699

KEITH T. ALLEN,
    Plaintiff,

vs.

WILLIE ALBERT MELLERSON, and
FREEHOLD CARTAGE, INC.,
    Defendants.

)
)
)
)
)
)
)
)
)
)

REPLY

**NOW COMES** the plaintiff, in reply to the defendants defense's and alleges and says that in the event it is determined that the plaintiff was negligent in any respect and/or that plaintiff's negligence contributed to those injuries or damages sustained, which negligence is specifically denied, then it is alleged that the defendants had the "LAST CLEAR CHANCE" to avoid the incident as follows:

    1.    That if the plaintiff were negligent as alleged in the Answer filed herein, which negligence is again specifically denied, the plaintiff was placed in peril or a position of peril through inadvertence.

    2.    That the said defendant saw, or in the exercise of reasonable care should have seen, and understood the perilous position of the plaintiff.

    3.    That the said defendant should have seen or discovered plaintiff's perilous condition in time to have avoided injuring said plaintiff.

    4.    That notwithstanding such notice, the said defendant failed and refused to use every reasonable means at defendant's command to avoid the impending collision.

    5.    That the plaintiff was injured as a result of the said defendant's failure or refusal to avoid the impending collision.

    **WHEREFORE**, plaintiff prays the court as follows:

    1.    That the relief requested in plaintiff's Complaint be granted.

2.      That the cost of this action be taxed against the defendant.

3.      For such other and further relief as the court may deem just and proper.

This the _6th_ day of _October_, 2020.

**BRENT ADAMS & ASSOCIATES**

Diana E. Devine, State Bar No. 53813
Brenton D. Adams, State Bar No.: 11
Post Office Box 1389
Dunn, North Carolina 28335
Telephone: (910) 892-8177
Facsimile: (910) 892-0652
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served a copy of the **REPLY** in the above titled action upon the person or persons named below and that service was obtained upon such person or persons in the following manner:

( )    By delivering a copy to him personally.

( )    By leaving a copy with his secretary.

( )    By facsimilia said papers as indicated below.

( )    By e-mailing said papers as indicated below.

(X)    By depositing a copy of same in the United States Mail, postage Prepaid, addressed as shown below.

( )    By depositing a copy of same in the United States Mail, Certified mail, return receipt requested, addressed as shown below.

CRANFILL SUMNER & HARTZOG LLP
**James C. Thornton**
Post Office Box 27808
Raleigh, NC 27611
*Attorney for Defendants*

This the 6th day of October, 2020.

**BRENT ADAMS & ASSOCIATES**

Diana E. Devine, State Bar No.: 53813
Brenton D. Adams, State Bar No.: 11
Post Office Box 1389
Dunn, North Carolina 28335
Telephone: (910) 892-8177
Facsimile: (910) 892-0652
Diana@BrentAdams.com
*Attorneys for Plaintiff*